IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEONTREZ DUNCAN,<br><br>    Defendant. | Case No. 3:18-CR-30181-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a *pro se* Motion for Compassionate Release under the First Step Act filed by Defendant Deontrez Duncan. (Doc. 43). The Government has moved to dismiss Duncan's motion. (Doc. 48). For the following reasons, the Government's motion to dismiss is granted, and Duncan's motion for compassionate release is denied.

### BACKGROUND

On September 17, 2019, Duncan pleaded guilty to a two-count indictment charging him with distribution of cocaine. (Doc. 23). As part of his plea agreement, Duncan waived the following rights:

> 5.    Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant's waiver of the right to appeal or bring collateral attacks includes contesting: 1) the constitutionality of the statute(s) to which Defendant is

>   pleading guilty or under which Defendant is sentenced; and 2) that the conduct to which Defendant has admitted does not fall within the scope of such statute(s).

(*Id.* at pp. 8-9).

On December 22, 2020, Duncan filed a motion, which the Court construed as a motion for compassionate release, stating that he tested positive for COVID-19 and asking the Court to appoint him an attorney. (Doc. 43). On February 16, 2021, the Court referred Duncan's motion to the Federal Public Defender, which entered its appearance on behalf of Duncan on February 23, 2021. (Docs. 46, 47). The following day, the Government filed a motion to dismiss Duncan's motion for compassionate release due to the waiver contained in Duncan's plea agreement. (Doc. 48). No response to the motion to dismiss was filed.

In *United States v. Bridgewater*, 995 F.3d 591 (7th Cir. 2021), the Seventh Circuit Court of Appeals addressed the enforceability of an appellate waiver in a plea agreement as it pertains to motions for compassionate release. In that case, the Court held that a waiver containing the same language at issue here expressly and unambiguously extended to any attempt to seek compassionate release. *Id.* The defendant had waived the right to seek modification of any aspect of his sentence, and compassionate release under 18 U.S.C. § 3582(C)(1)(A) is "clearly a form of sentence modification." *Id.* Furthermore, the defendant waived his right to seek modification of his sentence in 2019, *after* the First Step Act gave inmates the right to seek modification without the support of the Bureau of Prisons. *Id.* "In other words, this type of modification proceeding was known and available when Bridgewater agreed not to use it." *Id.*

Importantly, the Court additionally found that the COVID-19 pandemic does not

render a defendant's earlier waiver unknowing or involuntary. *Id.* "At worst, [the defendant] did not fully appreciate that he might wish to change his mind later. . . . Yet, such is the risk with plea-bargaining and waiver." *Id.* (quoting *United States v. Alcala*, 678 F.3d 574, 580 (7th Cir. 2012)); *see also United States v. McGraw*, 571 F.3d 624, 630–31 (7th Cir. 2009) (quoting *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005) ("In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts.")).

The *Bridgewater* decision thus forecloses Duncan's attempt to seek compassionate release. The language of his plea agreement clearly extends to any attempt to "modify" his sentence in any type of proceeding. Moreover, he signed his plea agreement in September 2019, well after the First Step Act was enacted. Thus, the ability to modify his sentence through a compassionate release motion was known and available to Duncan when he waived it, and the COVID-19 pandemic does not render that waiver unknowing or involuntary.

## Conclusion

For these reasons, the Government's Motion to Dismiss (Doc. 48) is **GRANTED**, and Duncan's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 43) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: May 19, 2021**

*Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**